OPINION
ROTH, Circuit Judge:
The United States appeals from the District Court’s order vacating the conviction and sentence of Gary McGahee. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. The district court found that McGahee’s trial counsel provided ineffective assistance of counsel, which impelled the court to vacate McGahee’s conviction and sentence under 28 U.S.C. § 2255(a) and grant him a new trial. Because the parties are familiar with the facts, we will describe them only as necessary to explain our decision. For the reasons discussed below, we will affirm.
The government argues that the district court erred in finding McGahee’s trial counsel ineffective. We review de novo the district court’s determination that McGahee’s counsel was ineffective. See United States v. McCoy, 410 F.3d 124, 131 n. 1 (3d Cir.2005). Under the familiar standard, a defendant must satisfy two steps to establish a claim of ineffective assistance of counsel. “First, the defendant must show that counsel’s performance was deficient.” Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This requires showing the counsel’s representation “fell below an objective standard of reasonableness.” Id. at 688, 104 S.Ct. 2052. “Second, the defendant must show that the deficient performance prejudiced the defense.” Id. at 687, 104 S.Ct. 2052. That is, “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052. The government argues only the second step, viz., prejudice, on appeal.
The district court did not err in finding McGahee prejudiced by his counsel’s failure to call alibi witnesses to testify on McGahee’s behalf. The evidence against McGahee came from Gary Oliver and Gloria Hoffman, both of whom suffered from nontrivial credibility issues. Oliver, among other things, delayed coming forward to the police, changed stories about what happened on the night in question, and received sentencing benefits by disclosing McGahee’s name. And Hoffman had an extensive criminal record and was concerned that she would receive a longer sentence if she did not cooperate with the government. The testimony of the three alibi witnesses, one of whom is a police officer, when measured against Oliver’s and Hoffman’s questionable testimony, could have been sufficient to create reasonable doubt. See United States v. Agurs, 427 U.S. 97, 113, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) (“[I]f the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt.”). Simply put, after weighing the credibility of the three alibi witnesses against Oliver’s and Hoffman’s testimony, we agree with the District Court that there is a reasonable probability that the outcome would have been different with the three alibi witnesses’ testimony.
Accordingly, we will affirm the District Court’s order.